UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23977-CIV-ALTONAGA/Sanchez

**YASENIA TERESITA JIMENEZ**,

    Plaintiff,
v.

**FRANK BISIGNANO**,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

On October 16, 2024, Plaintiff, Yasenia Teresita Jimenez filed a Complaint [ECF No. 1] seeking review of the denial of her claims for disability insurance benefits and supplemental security income under the Social Security Act. The Court referred the matter to Magistrate Judge Eduardo Sanchez for a report and recommendation. (*See* Jan. 21, 2025 Order [ECF No. 12]; *see also* Clerk's Notice [ECF No. 2]). Defendant filed the Administrative Record [ECF No. 5][1] on December 18, 2023. Plaintiff filed a Motion for Summary Judgment [ECF No. 16] on February 18, 2025; to which Defendant filed a Response in Opposition [ECF No. 23] on April 9, 2025; and Plaintiff filed a Reply on May 9, 2025 [ECF No. 24]. On April 9, 2025, Defendant also filed a Motion for Summary Judgment [ECF No. 22]. Plaintiff did not file a response to Defendant's Motion.

The case now comes before the Court on Magistrate Judge Sanchez's Report and Recommendation ("Report") [ECF No. 25], entered on December 13, 2025. The Magistrate Judge

---

[1] Because of its size, the Administrative Record contains four attachments of additional pages. (*See* Admin. R., Transcripts 725–1457 [ECF No. 5-1]; Admin. R., Transcripts pages 1458–2190 [ECF No. 5-2]; Transcripts pages 2191–2923) [ECF No. 5-3]; Admin. R., Transcripts pages 2924–3067 [ECF No. 5-4]).

recommends that the Court deny Plaintiff's Motion; grant Defendant's Motion; and affirm the decision of the Administrative Law Judge ("ALJ"). (*See generally* Report). On December 29, 2025, Plaintiff timely filed Objections [ECF No. 26] to the Report, to which Defendant filed a Response [ECF No. 28]. For the following reasons, the Report is affirmed and adopted.

**Standard**. When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (alteration added; citation omitted). An objection is thus entitled to *de novo* review only if it articulates a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [is] insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added). Absent timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory comm.'s note to 1983 addition (citation omitted).

**Discussion**. Plaintiff seeks disability insurance benefits and supplemental security income for her alleged disability arising from asthma, chronic obstructive pulmonary disease, anxiety, and depression. (*See* Pl.'s Mot. 2 (citation omitted); *see also* Admin. R. 498).[2] On June 20, 2024, ALJ Lornette Reynolds conducted a hearing, at which Plaintiff, represented by counsel, testified, and

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings. Citations to the Administrative Record (*see* [ECF Nos. 5, 5-1–5-4]), rely on the pagination and line numbering in the original document.

introduced testimony from a vocational expert.  (*See* Admin. R. 1565; *see also id.* 1563–94).[3]  On August 16, 2024, the ALJ issued her decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*See id.* 1550; *see also id.* 1535–50).

In seeking reversal of the ALJ's decision, Plaintiff argued that the ALJ failed to adequately consider the required factors of consistency and supportability when evaluating the psychological medical opinion of Dr. Cristian Del Rio, Psy.D.  (*See generally* Pl.'s Mot.).  The Magistrate Judge rejected this argument in his thorough Report.  (*See generally* Report).

Plaintiff raises a single objection, consisting of three related arguments challenging the ALJ's evaluation of Dr. Del Rio's opinion.  (*See generally* Objs.).  First, Plaintiff contends that the Magistrate Judge erred in concluding that the ALJ "considered the supportability factor by summarizing Dr. Del Rio's findings elsewhere in the decision."  (Objs. 1).  Second, Plaintiff insists Dr. Del Rio's opinion was supported by a combination of objective observations and subjective reports.  (*See id.* 1–2).  Third, Plaintiff asserts that the ALJ's impermissibly cherry-picked evidence, which "precluded the Court's meaningful review of the decision by mischaracterizing the evidence."  (*Id.* 4).

These arguments largely rehash those previously presented to the Magistrate Judge — indeed, portions are verbatim or close to verbatim recitations of Plaintiff's Motion for Summary Judgment (*compare id.* 1–4 *with* Pl.'s Mot. 5–14).  Since these are not proper objections, the Court reviews the Report for clear error.  *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (citations omitted).

---

[3] As outlined in the Magistrate Judge's Report, this is the second time Plaintiff has come before this Court. (*See* Report 2).  Plaintiff previously petitioned this Court for review of the unfavorable December 2022 decision, *see Jimenez v. Kijakazi*, No. 23-cv-21614 (S.D. Fla. 2023), which was remanded for further proceedings and the issuance of a new decision after the Commissioner voluntarily moved for remand.  (*See* Report. 2; *see also* Pl.'s Mot. 1–2).

CASE NO. 24-23977-CIV-ALTONAGA/Sanchez

The Report thoroughly summarizes Plaintiff's background and the procedural background; acknowledges the standard of review; lays out the five-step analysis required by 20 C.F.R. sections 416.920(a) and 404.1520 for a disability determination; describes the findings of the ALJ at each step; and carefully considers and evaluates Plaintiff's arguments that the ALJ failed to adequately consider the required factors of consistency and supportability when assessing the psychological medical opinion of Dr. Del Rio. (*See* Report 7–14).

The Magistrate Judge correctly rejected Plaintiff's arguments. Plaintiff criticizes the ALJ's conclusion that Dr. Del Rio's opinion was "unsupported by the substantial evidence of record[,]" characterizing it as conclusory and insufficiently explained. (Objs. 2 (alteration added)). And Plaintiff accuses the Magistrate Judge of engaging in improper *post-hoc* rationalization by examining other portions of the ALJ's decision. (*See id.*). This argument misunderstands the governing standard. Courts must read an ALJ's decision holistically to determine whether it is supported by substantial evidence. *See Deaton v. O'Malley*, No. 24-cv-60075, 2024 WL 3964925, at *6 (S.D. Fla. Aug. 28, 2024). As the Eleventh Circuit has recently emphasized, "it is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]" *Raper v. Comm'r of Social Security*, 89 F.4th 1261, 1275 (11th Cir. 2024) (alteration adopted; quotation marks omitted; citations omitted).

Here, the ALJ's analysis was far from conclusory. As the Magistrate Judge noted, "the ALJ devoted approximately two-single spaced pages . . . to addressing the approximately two-page report prepared by Dr. Del Rio[.]" (Report 7 (alterations added); *see also id.* 9–14 (detailing the ALJ's thorough analysis of the report)). The ALJ summarized Plaintiff's October 7, 2020 examination in detail when assessing Plaintiff's residual functional capacity. (*See* Admin. R. 1545). She then explained why Dr. Del Rio's opinions regarding Plaintiff's social skills, attention,

4

and executive functioning were unpersuasive and inconsistent with the record. (*See id.* 1546). The ALJ identified specific contradictory evidence, including clinical notes, earnings reports, and Plaintiff's subsequent work history. (*See id.* 1546–47). Further, the ALJ noted Plaintiff's failure to disclose substance use to Dr. Del Rio and Dr. Del Rio's lack of access to Plaintiff's work history. (*See id.* 1547).

Viewing the decision holistically, the Court agrees with the Magistrate Judge that "the ALJ adequately considered the consistency and supportability of Dr. Del Rio's opinion and that the ALJ's findings and conclusions are supported by substantial evidence." (Report 14); *see also Deaton*, 2024 WL 3964925, at *7 ("[P]ointing to a rationale in the ALJ's decision, even if in a different part of her decision, is not improper post hoc rationalization." (alteration added)).

Plaintiff's remaining arguments — that Dr. Del Rio's opinion was supported by a combination of objective observations and subjective reports, and that the ALJ cherry-picked evidence — are similarly unavailing. Although Plaintiff points to evidence that could support a different conclusion, the Court "may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it." *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 831 (11th Cir. 2013) (citation omitted). The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings and conclusions. (*See* Report 14). And where, as here, the ALJ's decision is supported by substantial evidence, it must be affirmed even if the evidence could support a contrary result. *See Strickland*, 516 F. App'x at 831.

Moreover, Plaintiff's arguments improperly seek to relitigate arguments the Magistrate Judge already considered and rejected. Parties are not entitled to a second bite at the apple through objections to a report and recommendation. *See Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012

WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (citation omitted).

In short, the undersigned fully agrees with the analysis and recommendations contained in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Yesenia Teresita Jimenez's Objections **[ECF No. 26]** are **OVERRULED**, and the Report and Recommendation **[ECF No. 25]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 16]** is **DENIED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 22]** is **GRANTED**.

3. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 27th day of January, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record